STATE OF NORTH CAROLINA v. JOHN PRESTON HARRIS

No. 747SC138

(Filed 6 February 1974)

1. Criminal Law § 23— guilty plea — promise of leniency — insufficiency of evidence

Evidence that defendant hoped he would receive a suspended rather than an active sentence was insufficient to support defendant's contention that his guilty plea should be stricken because it was induced by promise of leniency.

2. Constitutional Law § 32— waiver of counsel — voluntariness

Defendant's waiver of counsel was voluntary where he was thoroughly examined by the trial court on that point and he executed a written waiver of counsel.

3. Rape § 3— assault with intent to rape — sufficiency of indictment

Indictment charging defendant with the felony of assault with intent to rape fully and sufficiently charged the crime.

APPEAL by defendant from *James, Judge,* 26 March 1973 Session of Superior Court held in NASH County. Argued in the Court of Appeals 23 January 1974.

Defendant was charged in a bill of indictment with the felony of assault with intent to rape. Upon his plea of guilty, defendant was sentenced to a term of four to six years imprisonment.

Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Davis, for the State.*

*W. O. Rosser, for the defendant.*

BROCK, Chief Judge.

Defendant appeared in the trial court without counsel. He insisted that he was able to employ counsel but did not want one because he felt counsel could do him no good. He tendered a plea of guilty and was fully examined by the trial court touching upon his understanding and the voluntariness of his plea. Defendant stated in the written inquiry that he understood he was charged with assault with intent to commit rape; that the charge had been explained to him; that he was in fact guilty; that no one had made any promise or threat to influence him to plead guilty;

and that he freely, understandingly, and voluntarily authorized entry of a plea of guilty. The trial judge who questioned and observed the defendant adjudicated that the plea of guilty was freely, understandingly, and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency.

[1] Defendant now argues that the plea should be stricken because he was induced to plead guilty by promises. Obviously, defendant was hoping for a suspended sentence, and he now wants to strike his plea because he received an active sentence. The sheriff of Nash County testified that the prosecutrix and other members of defendant's family told the sheriff that they hoped defendant would receive a suspended sentence. However, this is far from evidence of a promise by anyone that defendant would in fact receive a suspended sentence.

[2] Defendant argues that his waiver of counsel was not executed voluntarily. The thorough examination of defendant by the trial court on this point and defendant's execution of a written waiver of counsel nullify this argument.

[3] Defendant moves to arrest judgment because the bill of indictment fails to allege all of the essential elements of the crime. The motion is denied. The indictment fully and sufficiently charged the crime in pertinent part as follows: that the defendant on the 27th day of January 1973, "did unlawfully, wilfully, and feloniously assault Rosie H. Harris, a female, with the intent to unlawfully, wilfully and feloniously ravish and carnally know the said Rosie H. Harris by force and against her will."

No error.

Judges MORRIS and CARSON concur.